Denise Lane
1991 Stradella Road
Los Angeles, CA 90077

Defendant(s) In Pro Per

FILED

2024 FEB -1 AM II: 21

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

VAL-CHRIS INVESTMENTS INC. A
CALIFORNIA CORPORATION,
          Plaintiff,

VS.

AVETA PARSAZAD, AN INDIVIDUAL;
BENJAMIN EMEIN, AN INDIVIDUAL;
ALL UNKNOWN OCCUPANTS,
TENANTS, AND SUBTENANTS; AND
DOES 1 THROUGH 20, INCLUSIVE
          Defendant(s).

Case No.:

LA CV 24 - 00876-SB(JCx)

NOTICE OF REMOVAL OF ACTION

To the Clerk of the United States District Court for the Central District of California.

PLEASE TAKE NOTICE that Defendant, Denise Lane hereby removes to this Court, the

United States District Court for the Central District of California from the Superior Court of

California in and for the County of Los Angeles, and sets forth in support of the Notice of Removal

of Action the following:

Pursuant to 28 U.S.C. §1441, Defendant further states as follows:

1. That Defendant is named as defendant in a civil action filed in the Superior Court

of California for the County of Los Angeles.

2. The action was commenced by Plaintiff when Plaintiff filed a Summons in the Superior Court of the State of California, County of Los Angeles, bearing case no. 23SMCV04278, entitled VAL-CHRIS INVESTMENTS INC. A CALIFORNIA CORPORATION v AVETA PARSAZAD, AN INDIVIDUAL; BENJAMIN EMEIN, AN INDIVIDUAL; ALL UNKNOWN OCCUPANTS, TENANTS, AND SUBTENANTS; AND DOES 1 THROUGH 20, INCLUSIVE.

3. Defendant was served with the Summons and Complaint on or about September 12, 2023. a true and correct copy attached as Exhibit 1 and incorporated in this notice by reference.

4. The following filings of said case are attached hereto and incorporated herein by reference:

Exhibit 1: Complaint for Unlawful Detainer – Eviction

Complaint, both dated September 12, 2023

5. The above-mentioned action is a civil action of which this court has jurisdiction under 28 U.S.C. §§1332 and 1441 .

6. This is a civil action over which this court has original jurisdiction and the action is removable to this court pursuant to 28 U.S.C. §§1441(a), 1343

**STATEMENT OF FACTS**

7. *VAL-CHRIS INVESTMENTS INC. A CALIFORNIA CORPORATION* is not organized or licensed to do business in California.

8. *VAL-CHRIS INVESTMENTS INC. A CALIFORNIA CORPORATION* is, and at all times relevant to this removal, was the trustee for a securities special purpose vehicle trust, organized for the purchase and sell of securities.

9. The purchase and sell of securities involved, unknowingly, defendant's property

which was a federally related mortgage.

10. *VAL-CHRIS INVESTMENTS INC. A CALIFORNIA CORPORATION* knowingly was not, and at all times relevant to this removal, are not the real party in interest, both before and after the sale of defendants property.

11. The sell of defendant's property was a sham, however defendant will not be able to receive a fair hearing or trial in the state Superior Court for Los Angeles County in that she will be denied due process because the Superior Court for Los Angeles County will ignore any evidence if there is a trustee's deed upon sell, whether valid or invalid, denying defendant an opportunity to be heard.

WHEREFORE, Defendant prays that the above action now pending in the Los Angeles Superior Court of the State of California, bearing case no. 23SMCV04278, entitled VAL-CHRIS INVESTMENTS INC. A CALIFORNIA CORPORATION v AVETA PARSAZAD, AN INDIVIDUAL; BENJAMIN EMEIN, AN INDIVIDUAL; ALL UNKNOWN OCCUPANTS, TENANTS, AND SUBTENANTS; AND DOES 1 THROUGH 20, INCLUSIVE.

Date: February 1, 2024

Denise Lane,
Defendant, *In propria persona*

**Exhibit 1**

Timothy M. Ryan, Bar No. 178059
Andrew J. Mase, Bar No. 300680
Rosty G. Gore, Bar No. 280722
THE RYAN FIRM
A Professional Corporation
2603 Main St, Suite 1225
Irvine, CA 92614
Telephone (949) 263-1800; Fax (949) 872-2211

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/12/2023 2:29 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By K. Parenteau, Deputy Clerk

Attorneys for Plaintiff Val-Chris Investments, Inc., a California Corporation

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

THE RYAN FIRM
A Professional Corporation

| | |
|---|---|
| VAL-CHRIS INVESTMENTS, INC., a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> AVETA PARSAZAD, an individual; BENJAMIN EMEIN, an individual; ALL UNKNOWN OCCUPANTS, TENANTS, AND SUBTENANTS; and DOES 1 through 20, Inclusive, <br><br> Defendants. | CASE NO.: 23SMCV04278 <br> Unlimited Jurisdiction <br> Date Action Filed: <br><br> Assigned for All Purposes to <br> Hon. <br> Dept. <br><br> **VERIFIED COMPLAINT FOR UNLAWFUL DETAINER** <br><br> [Code of Civil Procedure section 1161a] <br><br> Trial Date:   None set. |

1

Plaintiff Val-Chris Investments, Inc., a California Corporation ("Plaintiff") alleges as follows:

1.    Plaintiff is a corporation formed in California, and is the legal owner of the real property located at **1991 Stradella Road, Los Angeles, CA 90077** ("Subject Property").

2.    Plaintiff is informed and believes, and based thereon alleges, that Defendant Aveta Parsazad, at all relevant times, was, and currently is, an individual residing in the County of Los Angeles, State of California.

3.    Plaintiff is informed and believes, and based thereon alleges, that Defendant Benjamin Emein, at all relevant times, was, and currently is, an individual residing in the County of Los Angeles, State of California.

4.    The real property at issue in this case—the Subject Property—is located within the jurisdiction and venue of this Court. Further, the Defendants reside within the jurisdiction of this Court. Accordingly, both jurisdiction and venue are proper.

5.    Plaintiff also brings this unlawful detainer against All Unknown Occupants, Tenants, and Subtenants.

6.    Aveta Parsazad, Benjamin Emein, and All Unknown Occupants, Tenants, and Subtenants, are collectively referred to as "Defendants."

7.    The true names and capacities of Defendants sued herein as Does 1 to 20, inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names, and Plaintiff will amend this Complaint to allege their true names and capacities when the same are ascertained.  Plaintiff is informed and believes and thereon alleges that each such "Doe" defendant is in possession of the Subject Property without the permission nor consent of Plaintiff and that each sued Doe defendant claims a right under the named Defendants to possession of the Subject Property against Plaintiff.

8.    Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, are currently in possession of, and are occupying, the Subject Property, or claim a right to possess or occupy the Subject Property.

2

Verified Complaint for Unlawful Detainer Under CCP § 1161a

THE RYAN FIRM
A Professional Corporation

9.    Plaintiff obtained ownership of the Subject Property after a properly noticed and conducted non-judicial foreclosure sale that occurred on or about July 20, 2023.

10.    Plaintiff thereafter perfected its title to the Subject Property as reflected in a duly recorded Trustee's Deed Upon Sale in its favor. A true and correct copy of the recorded Trustee's Deed Upon Sale is attached hereto as **Exhibit 1**.

11.    Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, are currently in possession of the Subject Property without any right to do so, or claim to have a right to occupancy or possession of the Subject Property, without any right to do so.

12.    On September 8, 2023, pursuant to *Code of Civil Procedure section 1162*, Plaintiff caused to be served on Defendants a Three/Thirty/Ninety Day Notice to Quit, by registered process server. A true and correct copy of said Notice to Quit is attached hereto as **Exhibit 2**. A true and correct copy of the Proof of Service of the registered process server who served the notices (multiple copies) is attached hereto as **Exhibit 3**.

13.    More than three (3) days have passed since the service of the Notice to Quit. However, Defendants have failed and refused to deliver up possession of the Subject Property. Defendants remain in possession of the Subject Property without the consent of Plaintiff.

14.    Defendant Aveta Parsazad executed the deed of trust which contained the power of sale under which the Subject Property was sold. (*Code Civ. Pro. § 1161a(b)(3)*.) Additionally, Plaintiff is informed and believes and based thereon alleges that Defendant Aveta Parsazad claims a right of possession and occupancy either under her own name or under the name of Stradella Equity Holdings, LLC, a California Limited Liability Company, on which behalf Defendant Aveta Parsazad executed the deed of trust which contained the power of sale under which the Subject Property was sold. As such, Defendant Aveta Parsazad is not, and was not, entitled to more than three days' notice to quit.

3

Verified Complaint for Unlawful Detainer Under CCP § 1161a

15.    Plaintiff is informed and believes and upon such bases alleges that Defendant Benjamin Emein is not, and was not, entitled to more than three day's notice to quit.

16.    The reasonable value of the use and occupancy of the Subject Property is a sum not less than $571.56 per day.  Defendants' unlawful detention of the Subject Property has caused Plaintiff damages, and such damages will continue to accrue, at a sum not less than $571.56 per day until the time of judgment.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, including as to all unknown occupants, tenants, and subtenants in possession of the Subject Property, as follows:

1.    For restitution and possession of the Subject Property;

2.    For damages for the unlawful detention of the Subject Property in a sum not less than $571.56 per day from the date of filing the complaint through the date of judgment, to be proven at trial, for each day that Defendants continue in wrongful possession of the Subject Property;

3.    For costs of suit incurred herein;

4.    For such other and further relief as the Court may deem just and proper.

DATED: September 12, 2023

THE RYAN FIRM
A Professional Corporation

By:_____
TIMOTHY M. RYAN
ANDREW J. MASE
ROSTY G. GORE
Attorneys for Plaintiff Val-Chris
Investments, Inc., a California
Corporation

THE RYAN FIRM
A Professional Corporation

4

Verified Complaint for Unlawful Detainer Under CCP § 1161a

## VERIFICATION

I, _Chris Boulter_, am the _PRESIDENT_ (role/title) for Plaintiff Val-Chris Investments, Inc., a California Corporation ("Plaintiff") and am authorized to verify this pleading on behalf of Plaintiff.

I have read the foregoing VERIFIED COMPLAINT FOR UNLAWFUL DETAINER and know its contents. The matters stated in the foregoing document (the VERIFIED COMPLAINT FOR UNLAWFUL DETAINER) are true of my own knowledge except as to those matters which are stated on information and belief and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 12th day of September, 2023, at _Irvine_ (city), California.

SIGNATURE: _____

PRINTED NAME: _Chris Boulter_

TITLE/POSITION: _President_

5

Verified Complaint for Unlawful Detainer Under CCP § 1161a

State of California            )

                               )ss.        **CERTIFICATE OF SERVICE**

County of Los Angeles          )

On February 1, 2024, I, Morgan Davis, do hereby certify that I am over the age of eighteen (18), and not an interested party to the above referenced issue, and I deposited in the mail at County of Los Angeles, a true and correct copy of the following document:

**"NOTICE OF REMOVAL OF ACTION"** and a signed copy of this declaration, via first class mail, with postage pre-paid and addressed to the following:

Attn:

Rosty G. Gore
The Ryan Firm, APC
2603 Main Street, Suite 1225
Irvine, CA 92614

(Attorney for VAL-CHRIS INVESTMENTS INC. A CALIFORNIA CORPORATION)

I certify and declare under penalty of perjury that the foregoing is true and correct.

Date: February 1, 2024

Morgan Davis
Morgan Davis