JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAL-CHRIS INVESTMENTS, INC., Plaintiff, v. AVETA PARSAZAD et al., Defendants. | Case No. 2:24-cv-00876-SB-JC ORDER DENYING REQUEST TO PROCEED IN FORMA PAUPERIS AND REMANDING CASE |

Plaintiff Val-Chris Investments, Inc. filed a complaint for unlawful detainer against Defendants Avetta Parsazad, Benjamin Emein, and "all unknown occupants, tenants, and subtenants" in state court. Dkt. No. 1 at 5. Denise Lane, who identifies herself as a defendant (evidently one of the unnamed occupants at the premises), removed the case to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332. Dkt. No. 1 at 2.

Lane also filed a request to proceed in forma pauperis (IFP). Dkt. No. 3. In response, the Court reviewed the notice of removal and state court records to determine whether removal was proper. Federal courts have an "independent obligation to determine whether subject-matter jurisdiction exists." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction." Federal courts have original jurisdiction in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States . . . ." 28 U.S.C. § 1332(a). "Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018).

The complaint identifies Plaintiff as a California corporation. Lane's notice of removal conclusorily asserts that Plaintiff "is not organized or licensed to do business in California," but it does not identify the state of which Lane believes Plaintiff is a citizen, nor any reason to doubt Plaintiff's California citizenship. Dkt.

1

No. 1 at 2.  Nor does Lane dispute that she or any named defendant is a California citizen, as the complaint alleges.  Indeed, Lane's civil cover sheet identifies Defendants as citizens of California.  Dkt. No. 1-1 at 1.  Thus, Lane has not shown that diversity is complete.  Additionally, 28 U.S.C. § 1441(a)(2) independently prohibits removal of diversity cases where a properly served defendant is a citizen of the forum state.  And Lane does not even address the amount in controversy.  For all these reasons, the case was not properly removed based on diversity jurisdiction.

Lane's notice of removal also references 28 U.S.C. § 1343, which involves jurisdiction over civil rights cases.  To the extent Lane intends to invoke § 1343 as a basis for jurisdiction, it is plainly inapplicable in this unlawful detainer case.  Finally, although she did not mention it in her notice of removal, Lane's civil cover sheet identifies the sole basis for federal jurisdiction as "U.S. Government Defendant."  Dkt. No. 1-1 at 1.  Lane does not claim that she or any named defendant represents the federal government, much less that they have been sued in that capacity in this unlawful detainer case.

In sum, Lane has not established any basis for federal jurisdiction in this case.  Lane's IFP application is therefore DENIED, and the case is REMANDED to the Los Angeles County Superior Court.

Date: February 7, 2024

_____
Stanley Blumenfeld, Jr.
United States District Judge

2